# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                                                        **Case No. 6:15-cv-80-Orl-31DAB**

**ASSOCIATED TELECOMMUNICATIONS MANAGEMENT SERVICES, LLC., ET AL.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 27)**
>
> **FILED:** March 9, 2015
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part.

Plaintiff, having obtained entry of Clerk's default against Defendant Associated Telecommunications Management Services, LLC. ("ATMS"), and its eight wholly-owned subsidiaries (Docs. 18-26),[1] now moves for default judgment of monetary damages against all Defendants in this action to collect a forfeiture penalty assessed against the Defendants for violations of the Communications Act of 1934 (the "Communications Act") and Federal Communications Commission ("FCC") regulations. The motion is supported by the Declaration of Mark Stephens, Chief Financial

---

[1] The subsidiary Defendants are BLC Acquisition Group, LLC; Bellerud Acquisition Group, LLC; Ganoco Acquisition Group, LLC; Lifeconnex Acquisition Group, LLC; Triarch Acquisition Group, LLC; SCTxLink Acquisition Group, LLC; DialTone & More Acquisition Group, LLC; and Ren-Tel Acquisition Group, LLC (the "subsidiaries").

Officer of the FCC (Doc. 28) and Plaintiff's counsel, Assistant United States Attorney Lindsay S. Griffin (Doc. 29).

No response to the motion has been filed.

## I. Legal Standard

Following entry of a default, Rule 55(b)(1), Federal Rules of Civil Procedure, authorizes the Clerk to enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has

not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

Once liability is established, the Court turns to the terms of the judgment. Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise. Fed.R.Civ.P. 55(b)(1)-(2). Pursuant to Rule 55(b)(2), the Court "may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: A) conduct an accounting; B) determine the amount of damages; C) establish the truth of any allegation by evidence; or D) investigate any other matter." Thus, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

**II. The Allegations of the Complaint**

The United States sued ATMS and the ATMS Subsidiaries on January 21, 2015, to collect a forfeiture penalty assessed against the defendants for violations of the Communications Act and FCC regulations. As alleged in the Complaint (Doc. 1) and summarized in the motion, Section 214 of the Communications Act prohibits a carrier from acquiring, constructing, or operating any line for interstate or international common carrier communication and from engaging in transmission through any such line, "unless and until there shall first have been obtained from the [FCC] a certificate that the present or future public convenience and necessity require or will require, the construction, or operation, or construction and operation, of such additional or extended line." 47 U.S.C. § 214; (Doc. 1, ¶¶ 14-20). Sections 63.03 and 63.04 of Title 47, Code of Federal Regulations, establish procedures

for a domestic carrier seeking to transfer control of lines or authorization to operate under Section 214. The FCC may assess a forfeiture penalty for the violation of Section 214 and its implementing regulations. 47 U.S.C. § 503(b)(1); (Doc. 1, ¶¶ 14-20).

Between September 1, 2009, and November 30, 2009, the ATMS Subsidiaries acquired eight domestic telecommunications common carriers, which resulted in eight transfers of control within the meaning of Section 214. (Doc. 1, ¶ 21). None of the defendants sought approval from the FCC before consummating the transactions. (Doc. 1, ¶ 22). Rather, the ATMS Subsidiaries sought approval of the transfers only after each transfer occurred. *Id.* ¶¶ 23-24. The FCC eventually approved the transfers; however, the FCC also began an investigation into the timing of each transfer. The FCC's investigation into the transactions initially reported by the defendants resulted in the defendants' revealing additional unauthorized transactions to the FCC. *Id.* ¶¶ 25-33.

On or around July 15, 2011, the FCC preliminarily determined that the defendants willfully violated 47 U.S.C. § 214 and 47 C.F.R. §§ 63.03-63.04 by consummating eight unapproved transactions, each involving a substantial transfer of control within the meaning of Section 214. The FCC proposed a forfeiture penalty of $8,000 for each transaction, amounting to $64,000 in total. The defendants sought a reduction of the penalty, which the FCC rejected on December 1, 2014. The FCC ordered the defendants to pay the penalty by December 19, 2014, but the defendants failed to do so. *Id.* ¶¶ 31-34. Copies of the Notice of Apparent Liability for Forfeiture and the FCC's Forfeiture Order are attached as exhibits to the Complaint. The United States seeks judgment in the amount of the itemized penalties, as well as post-judgment interest and costs incurred.

### III. Analysis

By virtue of the default, Defendants have admitted the pertinent allegations of the Complaint and the well-pled factual allegations and Complaint exhibits support a finding that Defendants are liable for the FCC forfeiture penalties in the amounts pled here. Further, the Declaration of Mark

Stephens establishes a "sum certain" of $64,000.00 sought by the United States as an FCC forfeiture penalty. On this showing, and absent any objection, the United States has met its burden of establishing entitlement to the relief sought, with respect to the penalties.

The United States has also offered a Declaration that it incurred $600 in recoverable service of process costs. Unfortunately, however, the government has not itemized these costs with respect to each Defendant, other than observing that $600 "amounts to" a charge of approximately $67.00 per Defendant. Absent a showing that it would be appropriate to tax this cost jointly and severally amongst the nine Defendants or that service on each individual Defendant actually cost $67.00, it is recommended that the United States file a bill of costs showing service costs on a per Defendant basis and that costs in the actual amount be taxed by the Clerk against each Defendant, in the usual course.

**IV. Conclusion**

For the foregoing reasons, it is **respectfully recommended** that the motion be **granted, in part** and that default judgment be entered in favor of the United States as follows:

    a. Judgment in the amount of $8,000.00 against Associated Telecommunications Management Services, LLC, and BLC Acquisition Group, LLC, jointly and severally;

    b. Judgment in the amount of $8,000.00 against Associated Telecommunications Management Services, LLC, and Bellerud Acquisition Group, LLC, jointly and severally;

    c. Judgment in the amount of $8,000.00 against Associated Telecommunications Management Services, LLC, and Ganoco Acquisition Group, LLC, jointly and severally;

    d. Judgment in the amount of $8,000.00 against Associated Telecommunications Management Services, LLC, and Lifeconnex Acquisition Group, LLC, jointly and severally;

    e. Judgment in the amount of $8,000.00 against Associated Telecommunications Management Services, LLC, and Triarch Acquisition Group, LLC, jointly and severally;

    f. Judgment in the amount of $8,000.00 against Associated Telecommunications Management Services, LLC, and SCTxLink Acquisition Group, LLC, jointly and severally;

    g. Judgment in the amount of $8,000.00 against Associated Telecommunications Management Services, LLC, and DialTone & More Acquisition Group, LLC, jointly and severally;

    h. Judgment in the amount of $8,000.00 against Associated Telecommunications Management Services, LLC, and Ren-Tel Acquisition Group, LLC, jointly and severally; and

    i. That costs are awarded to the United States and are to be taxed by the Clerk, upon the filing of a Bill of Costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

    Recommended in Orlando, Florida on April 1, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy